**STATE of Missouri, Respondent,**

v.

**Eric B. McCULLEY, Appellant.**

**No. 51868.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

J. Andrew Walker, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

This appeal is from a conviction of one count of second degree burglary, RSMo § 569.170 (1986), and one count of attempted burglary in the first degree, RSMo § 564.011.3(3) (1986) from the Circuit Court of Franklin County. Appellant (defendant) was sentenced to a term of four years on the first count and five years on the second count to be served consecutively.

Summarizing briefly, the facts of this case show that on December 25, 1985, at about 3:30 a.m., defendant Eric McCulley and others, driving in a two-tone van, pulled into a trailer court and stopped in front of a trailer. Defendant got out of the van and began knocking on the windows of the trailer, trying to break in. When the owner heard the intruder prying at the door, he fired a shot through the window hitting defendant in the face. Defendant was able to escape in the van. The police set up a road block to stop the van, but the van continued past at a high rate of speed causing the van to veer off the road. Three people jumped out before the van went over a 200–foot embankment. Defendant was found in the van holding a cloth to his bleeding face. A number of items, later identified as stolen, were also found in the van. Defendant was immediately taken to St. Joseph's Hospital in Kirkwood for medical assistance.

In defendant's only point, he alleges that the trial court erred in denying defendant's motion to suppress incriminating statements because they were involuntarily made. We note our standard of review. If the evidence is sufficient to sustain the

trial court's conclusion that defendant's statements were voluntarily made, that finding will be affirmed. Voluntariness is determined by assessing all the circumstances and factors surrounding the statements made. *State v. Stokes*, 710 S.W.2d 424, 428 (Mo.App., E.D.1986).

Defendant claims that his statements were involuntary, in that he was not read his *Miranda* rights and made no intelligent waiver, he was mentally, physically, and psychologically abused during interrogation, and finally, he was induced to make the statements by a promise to reduce his bail. We find these contentions to be without merit.

The record indicates that defendant was read his *Miranda* rights prior to each interrogation and each time he made an effective waiver. While at the hospital, Officer Weiss read defendant his *Miranda* rights and defendant made no indication that he did not understand these rights or that he was in too much pain to comprehend what was happening. Defendant even went on to write down the names of others who were involved in the burglaries. Officer Diez drove defendant to the Franklin County Sheriff's office. No interrogation took place during the car ride and no statements were elicited from him at that time. Once at the Sheriff's office, Diez read defendant his *Miranda* rights and defendant signed a waiver. Lieutenant Connor witnessed defendant state that he understood his rights and that he knew he was signing a waiver. The next day defendant was also read his *Miranda* rights prior to a photo identification. Defendant contends that because of his "limited, inner city urban educational background," he was unable to grasp the meaning of his *Miranda* rights. Defendant presented no evidence that he was of less than normal intelligence. Failure on his part to do so rendered the statements admissible. *State v. Ross*, 606 S.W.2d 416, 425 (Mo.App., E.D. 1980).

Our review finds no indication of physical, mental, or psychological abuse during defendant's interrogation. Bare allegations unsupported by the record are without merit. *State v. Ross*, 606 S.W.2d

at 425. Defendant's statements were properly admitted into evidence absent a showing of uncomfortable, oppressive conditions or subjection to physical deprivation, hostility or intimidation which deprived him of exercising a free choice. *State v. Crowley*, 571 S.W.2d 460, 464 (Mo.App., E.D.1978).

Finally, defendant claims he was induced to make statements by promises to get his bail reduced. Lieutenant Connor promised defendant reduced bail if defendant helped in the search for the others who were involved in the burglaries. However, this promise was made after defendant had been interrogated and statements were obtained from him concerning his own involvement in the burglaries. Promises made to defendant after his statements were made will not render them involuntary and objectionable as evidence. *State v. Williamson*, 343 Mo. 732, 123 S.W.2d 42, 44 (1938).

The trial court properly admitted the voluntary statements of the defendant. This point is denied.

The judgment is affirmed.

STEPHAN and SIMON, JJ., concur.